UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GABE,

    Plaintiff,

Case No. 2:17-cv-11385

v.

HONORABLE STEPHEN J. MURPHY, III

J.A. TERRIS,

    Defendant.

_____/

## OPINION AND ORDER DENYING THE HABEAS PETITION [1]

    Petitioner Eric R. Gabe, an inmate at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2241. Gabe claims that he received an improperly enhanced federal sentence on the basis that he is an armed career criminal. He argues that he is actually innocent of being an armed career criminal in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and that, absent the armed-career-criminal designation, he has completed his maximum sentence and is entitled to be released from federal custody.[1] The Government urges the Court to deny the petition on the grounds that Gabe may not challenge his federal sentence under § 2241 and that his claim lacks merit. The Court agrees that Gabe

---

[1] The Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), established a fifteen-year mandatory minimum sentence for defendants convicted of being a felon in possession of a firearm following three prior convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e)(1). Absent that sentencing enhancement, the maximum sentence for a felon-in-possession conviction is ten years. 18 U.S.C. § 924(a)(2).
    In *Mathis*, the Supreme Court considered a state burglary statute containing 'alternative ways of satisfying a single locational element,' and held that crimes of conviction encompassing a wider range of conduct than the generic offense cannot qualify as predicate offenses for sentencing enhancement under the Armed Career Criminal Act. *United States v. Gooch*, 850 F.3d 285, 291 (6th Cir.) (citations omitted), *cert. denied,* 137 S. Ct. 2230 (2017).

may not challenge his sentence under § 2241. Therefore, it is not necessary to address the substantive merits of Gabe's claim, and his petition will be denied.

## BACKGROUND

In 2006, a jury in the United States District Court for the Southern District of Georgia found Gabe guilty of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g), possession of a controlled substance, 21 U.S.C. § 844, and carrying a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c). The trial court sentenced Gabe under the ACCA to 360 months in prison. Gabe states that the predicate offenses for the ACCA designation were two Florida convictions for delivery of cocaine, a Florida conviction for escape, and a Georgia conviction for possession of marijuana.

Petitioner appealed his federal convictions, but the United States Court of Appeals for the Eleventh Circuit affirmed Gabe's convictions in an unpublished decision. *See United States v. Gabe*, 232 F. App'x 900 (11th Cir. 2007). Gabe alleges that he subsequently filed, or attempted to file, three motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. All three motions were denied or rejected.

On January 15, 2014, Gabe filed a *pro se* habeas corpus petition in the Eastern District of Michigan. He argued that his federal sentence was improperly enhanced under ACCA because the offenses were not violent or serious drug crimes. The Court summarily dismissed the petition without prejudice because Gabe failed to prove that a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 was an inadequate or ineffective remedy to challenge his sentence. *See Gabe v. Terris*, No. 2:14-cv-10184 (E.D. Mich. Feb. 13, 2014). The United States Court of Appeals for the Sixth Circuit affirmed the Court's judgment, *see Gabe v. Terris*, No. 14-1240 (6th Cir. Aug. 14, 2014), and on June

29, 2015, the United States Supreme Court denied Gabe's application for a writ of certiorari. *See Gabe v. Terris*, 135 S. Ct. 2890 (2015).

Finally, on April 28, 2017, Gabe filed the instant habeas corpus petition. His sole ground for relief is that he is actually innocent of being an armed career criminal. More specifically, Gabe contends that, in light of *Mathis*, his Florida conviction for escape no longer qualifies as a violent felony and his prior state convictions for possession of marijuana and delivery of cocaine no longer qualify as serious drug offenses. Gabe maintains that—absent the sentencing enhancement in his criminal case—he has served his statutory maximum sentence of ten years and his continued incarceration violates his right to due process of law and his right not to be sentenced to cruel and unusual punishment.

## ANALYSIS

The primary mechanism for challenging the lawfulness of a federal sentence is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). "A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999).

Gabe's ground for relief challenges his federal sentence, as opposed to the execution or manner in which he is serving his sentence. As such, the proper remedy for his claim is a motion to vacate, set aside, or correct his sentence under § 2255.

3

A prisoner may challenge his or her federal conviction or sentence in a petition under § 2241 only if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The prisoner carries the burden of establishing that the "savings clause" applies to his or her petition, and "'[t]he circumstances in which § 2255 is inadequate and ineffective are narrow.'" *Hill*, 836 F.3d at 594 (quoting *Peterman*, 249 F.3d at 461). The remedy under "§ 2255 is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion." *Id.* (citing *Charles*, 180 F.3d at 756). Thus, § 2255 is not inadequate or ineffective simply because Gabe already filed one or more unsuccessful motions under § 2255 and one prior habeas petition that was summarily dismissed.

A prisoner may invoke the savings clause of § 2255(e) to challenge a federal conviction by showing that he is actually innocent of his crime of conviction. *Id.* (citing *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)); *see also Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (stating that "[t]he savings clause may only be applied when the petitioner makes a claim of actual innocence"). But the Supreme Court has stated "that 'actual innocence' means factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623 (1998), and Gabe is not claiming to be actually innocent of his crime of conviction. Therefore, the actual-innocence exception to the rule barring the use of § 2241 to challenge a federal conviction does not apply here.

In *Hill*, the Sixth Circuit recognized an additional way by which federal prisoners may invoke the savings clause to challenge the misapplication of a sentence enhancement. *See Hill*, 836 F.3d at 595. But the Sixth Circuit limited its decision to a "narrow subset" of

4

petitions under § 2241. *Id.* at 599. The prisoner must show that: (1) he was "sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005);" (2) he is "foreclosed from filing a successive petition under § 2255;" and (3) "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement," *id.* at 599–600.

Although Gabe may be foreclosed from filing another motion under § 2255, he was sentenced under ACCA, not as a career offender under the U.S. Sentencing Guidelines as Hill was. In addition, he was convicted in 2006 *after* the Supreme Court issued its decision in *Booker*, and he relies on *Mathis*, which the Supreme Court has not made retroactive. *In Re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017). Thus, the rule applying the savings clause of § 2255 to career offenders, as set forth in *Hill*, does not apply to Gabe's case.

Gabe has failed to carry his burden of showing that § 2255 is an inadequate or ineffective remedy for challenging his federal sentence.

**ORDER**

**WHEREFORE, IT IS ORDERED** that the habeas petition [1] is **DENIED**.

**IT IS FURTHER ORDERED** that Gabe is not required to apply for a certificate of appealability if he appeals this decision, because "the statutory language imposing the certificate-of-appealability requirement clearly does not extend to cases where . . . detention arose out of federal process but the proceeding is not under § 2255." *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).

**IT IS FURTHER ORDERED** that Gabe may not proceed *in forma pauperis* on appeal if he appeals this decision because an appeal would be meritless and could not be taken

in good faith. 28 U.S.C. § 1915(a)(3). Gabe may apply to the Sixth Circuit Court of Appeals for leave to appeal *in forma pauperis.*

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 30, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 30, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager