UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC GABE,

          Petitioner,

v.

J.A. TERRIS,

          Respondent.

Case No. 2:17-cv-11385

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER
DENYING THE HABEAS CORPUS PETITION [1]
AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

In 2017, Petitioner Eric Gabe petitioned pro se for a writ of habeas corpus under 28 U.S.C. § 2241. ECF 1. Petitioner claimed that his federal sentence was improperly enhanced because he is not an armed career criminal. *Id.* at 5. The Court's opinion and order found that Petitioner could not challenge his federal sentence under § 2241 because Petitioner "failed to carry his burden of showing that § 2255 is an inadequate or ineffective remedy for challenging his federal sentence." ECF 7, PgID 55. The Court therefore denied the petition without reaching the substantive merits of Petitioner's claim. *See id.* Petitioner appealed the Court's decision. ECF 12. The Sixth Circuit vacated the Court's judgment and remanded the case so that the Court could address the merits of the petition. ECF 17. The Sixth Circuit explained that *Mathis v. United States*, 579 U.S. 500 (2016), was a retroactive statutory interpretation case and was unavailable to Petitioner in 2008 when he filed his initial § 2255 motion. *Id.* at 95–97. Thus, the only issue to resolve was whether Petitioner's

1

state-court convictions qualified as predicate offenses under *Mathis*. *Id.* at 96. The Court will now resolve the issue and will deny the petition.

## BACKGROUND

In the interest of judicial economy, the Court will adopt the background section from ECF 7, PgID 52–53.

## DISCUSSION

Because of Petitioner's conviction under 18 U.S.C. § 922(g)(1), the Armed Career Criminal Act ("ACCA") requires that "a person who violates section 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). Petitioner's sentencing court enhanced his § 922(g)(1) sentence because he had at least three prior felony convictions for a serious drug offense or a violent felony and thus was an armed career criminal under the ACCA. ECF 7, PgID 52. According to Petitioner, the convictions used for his armed career criminal designation were two Florida convictions for delivery of cocaine in violation of Fla. Stat. § 893.13(1)(a)(1), a Florida conviction for escape in violation of Fla. Stat. § 944.40, and a Georgia conviction for possession of marijuana in violation of Ga. Code § 16-13-30. ECF 1, PgID 6, 10. The Court will now address whether Petitioner's three prior convictions were valid predicate offenses to support the ACCA enhancement.

I.  Escape Conviction

Petitioner alleged that his escape conviction resulted from leaving a work release facility without permission after he tested positive for the drug THC and

2

awaited a jail transport. ECF 1, PgID 11. Petitioner suggested that the conviction for escape does not qualify as a "violent felony" under the ACCA because the offense falls under the residual clause of 18 U.S.C. § 924(e)(2)(B), which the Supreme Court invalidated in *Johnson v. United States*, 576 U.S. 591, 594 (2015). ECF 1, PgID 10–11.

> The ACCA defines a "violent felony" as:
>
> Any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The emphasized phrase is the "residual clause." *Johnson*, 576 U.S. at 594.

To determine whether a crime is a "violent felony" under the ACCA, the Court must use the categorical approach. *Id*. at 596. Under the approach, the Court must assess a crime "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Id*. (quotation omitted).

Florida's escape statute states that "[a]ny prisoner confined in, or released on furlough from, any prison, jail, private correctional facility, road camp, or other penal institution, . . . working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony." Fla. Stat. § 944.40. The statute "does not have 'as an element the use, attempted use, or threatened use of physical force against the person of another,' is

3

not 'burglary, arson, or extortion,' and does not involve 'the use of explosives.'" *United States v. Cummings*, 628 F. App'x 719, 719 (11th Cir. 2016) (per curiam) (quoting 18 U.S.C. § 924(e)(2)(B)(i)–(ii)). Petitioner's escape conviction therefore falls within the ACCA's residual clause. *Id.*

"[I]mposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 576 U.S. at 606. And "*Johnson* is retroactive in cases on collateral review." *Welch v. United States*, 578 U.S. 120, 135 (2016). As a result, Petitioner's escape conviction is not a valid predicate offense under the ACCA.

II. <u>Drug Convictions</u>

Even without the Florida escape conviction, Petitioner still has three drug convictions that are predicate offenses under the ACCA. Under 18 U.S.C. § 924(e)(1), a sentencing court can enhance a felon in possession of a firearm conviction if the person has three previous convictions for a serious drug offense.

A prior state conviction for a "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The statute's "text and context leave no doubt that it refers to an offense involving the *conduct* of 'manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." *Shular v. United States,* 140 S. Ct. 779, 787 (2020) (emphasis in original). To determine whether a prior conviction is a serious drug offense, the

4

Court must "use 'a formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions.'" *United States v. Eason*, 919 F.3d 385, 388 (6th Cir. 2019) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). The Court will address Petitioner's drug convictions in turn.

    *A.    Cocaine Convictions*

Petitioner's criminal history includes two Florida convictions for delivery of cocaine. ECF 7, PgID 52. The statute proscribes that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Fla. Stat. § 893.13(1)(a). Petitioner contended that a conviction under the statute does not require that he knew the substance at issue was a controlled substance, while § 924(e)(2)(A)(ii)'s definition of "a serious drug offense" does. ECF 1, PgID 17. Thus, according to Petitioner, the lower mens rea in the Florida statute means that it is not a "serious drug offense" under § 924(e)(2)(A)(ii), and his two cocaine convictions cannot serve as predicate offenses under the ACCA. *Id.*

Section 924(e)(2)(A)(ii)'s definition of "a serious drug offense," however, mentions "intent" only in relation to possessing a controlled substance. Like Fla. Stat. § 893.13(1)(a), no mens rea requirement attaches to the distribution or delivery of cocaine. But "drug crimes without an element of mens rea can be 'serious drug offense[s].'" *United States v. Smith*, 775 F.3d 1262, 1264 (11th Cir. 2014) (italics omitted). And Fla. Stat. § 893.13(1), is a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A). *Id.* at 1268. It follows that Petitioner's state convictions for delivery of

5

cocaine align with the conduct described in the ACCA's definition of a serious drug offense. The convictions therefore serve as valid predicate offenses under the ACCA.

B. *Marijuana Conviction*

Last, Petitioner's marijuana conviction in Georgia constitutes a "serious drug offense" under the ACCA. The Georgia statute provides:

> (1) It shall be unlawful for any person to possess, have under his or her control, manufacture, deliver, distribute, dispense, administer, purchase, sell, or possess with intent to distribute marijuana.
>
> (2) Except as otherwise provided in subsection (c) of Code Section 16-13-31 or in Code Section 16-13-2, any person who violates this subsection shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years.

Ga. Code § 16-13-30(j). Petitioner alleged that his marijuana conviction was based on mere possession of 28 grams of marijuana for his own personal use and that Georgia's controlled substance statute is broader than § 924(e)(2)(A)(ii)'s definition of "a serious drug offense." ECF 1, PgID 14.

"When a state crime sweeps broader than ACCA's definitions, that crime cannot categorically qualify as an ACCA predicate." *United States v. Stancil*, 4 F.4th 1193, 1197 (11th Cir. 2021) (quotation omitted). Georgia's marijuana statute is broader than § 924(e)(2)(A)(ii)'s definition of "a serious drug offense" because it "prohibits both possession of marijuana *and* possession with intent to distribute marijuana." *United States v. Bradley*, 566 F. App'x 868, 870 (11th Cir. 2014) (emphasis in original). But the ACCA's definition of a "serious drug offense" "requires only that the state offense involve the conduct specified in the federal statute; it does

6

not require that the state offense match certain generic offenses." *Shular*, 140 S. Ct. at 782.

Petitioner admitted that he was convicted in Georgia of possession with intent to distribute marijuana. ECF 1, PgID 14. The indictment in his criminal case also suggested that he was convicted of possession with intent to distribute marijuana—not mere possession. *See United States v. Gabe*, No. 4:05-cr-00281, ECF 1, PgID 3 (S.D. Ga. Oct. 5, 2005) ("[T]he felony offenses of possession of marijuana with intent to distribute and forgery (three counts), committed on November 20, 2003 . . . for which he was sentenced to three years incarceration in the Superior Court, Chatham County, Georgia, in case number CR04-0442-AB, on June 22, 2004."). His marijuana conviction, therefore, falls within the ACCA's serious drug offense definition.

## CONCLUSION

In all, three of Petitioner's prior convictions qualify as predicate offenses under the ACCA. The federal sentencing court thus did not err when it enhanced Petitioner's felon-in-possession sentence under the ACCA. The Court will deny the petition with prejudice.

Petitioner need not seek a certificate of appealability because the federal statute requiring a certificate of appealability does not apply to habeas petitions under § 2241 where detention is under federal process. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). But the Court will deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: March 29, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 29, 2022, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager